UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

United States of America,

    Plaintiff,

v.

D-1 Jeffrey Freeman,

    Defendant.
_____/

No. 22-CR-20346

Vio: 26 U.S.C. § 7201
18 U.S.C. § 1343

FILED
SEP 15 2022
CLERK'S OFFICE
DETROIT

## SUPERSEDING INDICTMENT

THE GRAND JURY CHARGES:

### GENERAL ALLEGATIONS

At all times relevant to this Indictment:

1. Jeffrey Freeman was a resident of Oakland County, Michigan, and was an attorney licensed to practice in the State of Michigan. Freeman's legal specialty was civil and criminal tax matters, and he maintained an office in Birmingham, Oakland County, Michigan.

2. In 2012 Freeman was retained by client A.V. to assist her with a tax investigation.

3. A.V., a Canadian citizen who resided for a time in Las Vegas, Nevada, owned a business that sold cosmetic products. A.V. incurred substantial tax liabilities in tax years 2000-2002, which attracted the attention of the Internal Revenue Service (IRS) and eventually led to an investigation by the IRS. Upon

being informed of the tax probe, A.V. sought to retain counsel. A.V. eventually identified and retained Freeman to represent her interests and resolve her tax investigation with the IRS.

4. In or about November 2012, A.V. wired approximately $15 million to an attorney trust account Freeman opened at Citizen's Bank (then doing business as "Charter One") in Bloomfield Hills, Michigan. Freeman was to use these funds to resolve A.V.'s tax liability.

5. In or about November 2012, Freeman paid over to the IRS approximately $8,409,301, which represented the tax due and owing for A.V. for tax years 2000-2002. This payment did not resolve penalties and interest on that amount.

6. In or about February 2013, the IRS deemed the penalties and interest on A.V.'s tax debt (penalties and interest that totaled approximately $3.4 million) "uncollectable." Eventually, the IRS wrote off penalties and interest altogether on A.V.'s tax debt.

7. No later than May 2013, Freeman became aware that the IRS had deemed the penalties and interest on A.V.'s tax debt uncollectable.

8. In or about May 2013, Freeman wired $2 million of the funds A.V. had provided him from his trust account at Citizen's Bank to a bank account in the name of "Rozet Assets" at HypoSwiss Privatebank AG (CH) in Switzerland. In or

about October 2013, Freeman wired an additional $4.5 million of the funds provided by A.V. from his trust account to the same Swiss bank account.

9. In or about August 2013, Freeman advised A.V. that he had resolved the outstanding penalties and interest on A.V.'s account with the IRS for approximately $6.5 million.

10. Freeman had not in fact resolved A.V.'s outstanding penalties and interest for approximately $6.5 million, nor did he ever transfer those funds to the IRS.

11. After several extensions, Freeman filed a 1040 U.S. joint tax return for tax year 2013 on or about May 7, 2015. Freeman did not report any of the $6.5 million he embezzled from A.V. on that tax return. As a result of this underreporting of taxable income, Freeman evaded paying approximately $2,781,882 in additional tax due and owing.

## COUNT ONE
## 26 U.S.C. § 7201 – Tax Evasion

12. The allegations in paragraphs 1 - 11 are hereby repeated, realleged, and incorporated by reference as if fully set forth herein.

13. From in or about May 2013 through in or about May 2015, in the Eastern District of Michigan and elsewhere, Jeffrey Freeman, a resident of Oakland County, Michigan, willfully attempted to evade and defeat income tax due and owing by him and his spouse to the United States of America, for the calendar year 2013, by preparing and causing to be prepared, and by signing and causing to be

signed, a false and fraudulent U.S. Joint Tax Return Form 1040, which was submitted to the Internal Revenue Service. On that tax return, Jeffrey Freeman reported and caused to be reported a figure that understated his and his spouse's joint taxable income by approximately $6.5 million. In fact, as Jeffrey Freeman knew, he and his spouse had joint taxable income that was approximately $6.5 million greater than the amount reported on the return, and as a result of such additional taxable income, there was additional tax due and owing to the United States of America.

14. All In violation of Title 26, United States Code, Section 7201.

## COUNTS TWO AND THREE
## 18 U.S.C. § 1343 – Wire Fraud

15. The allegations in paragraphs 1-11 are hereby repeated, realleged, and incorporated by reference as if fully set forth herein.

16. Beginning in or about May 2013, and continuing through approximately May 2019, in the Eastern District of Michigan, Southern Division, and elsewhere, Defendant Jeffrey Freeman, with the intent to defraud, knowingly devised and executed a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses and representations.

17. The purpose of the scheme and artifice to defraud was for the Defendant to obtain $6.5 million in funds from A.V. to which he was not entitled, and to evade

detection by convincing A.V. that the funds were used to pay penalties and interest on her tax liabilities to the IRS, when in fact they were not.

18. It was a part of the scheme that Freeman would embezzle and purloin approximately $6.5 million from the approximately $15 million that A.V. transferred to him to handle her IRS tax liability for tax years 2000-2002.

19. It was further a part of the scheme that Freeman would transfer the embezzled $6.5 million, through two separate international wire transfers, from an attorney trust account at Citizen's Bank (then doing business as Charter One) to an account at HypoSwiss Private Bank AG (CH), in the name of "Rozet Assets."

20. It was further part of the scheme that, to conceal the embezzlement of A.V.'s funds, Freeman would inform A.V. that the $6.5 million he embezzled was used to retire penalties and interest on her IRS liability, when in fact it was not.

21. It was a further part of the scheme that, to conceal the embezzlement of A.V.'s funds, Freeman would provide A.V. with correspondence documenting that he was A.V.'s tax attorney, that A.V.'s IRS liabilities had been extinguished, and that the monies A.V. transferred to him had been used to pay A.V.'s tax due and owing, penalties, and interest on her tax liabilities.

22. On or about the dates specified as to each count below, in the Eastern District of Michigan and elsewhere, Defendant Jeffrey Freeman, for the purpose of executing the scheme described above, caused to be transmitted by means of wire

communication in interstate and foreign commerce, the signals and sounds described below for each count, each transmission constituting a separate count:

| Count | Date of Transmission | Nature of Transmission |
|---|---|---|
| 2 | May 22, 2019 | E-mail attaching letter from defendant representing that $15 million transferred from A.V. was "used for the payment of the tax liability, penalties, and related interest and legal fees." |
| 3 | May 30, 2019 | E-mail attaching letter from defendant containing false accounting of expenditure of $6.5 million |

All in violation of Title 18, United States Code, Section 1343.

THIS IS A TRUE BILL

*s/ Grand Jury Foreperson*
GRAND JURY FOREPERSON

Dawn N. Ison
United States Attorney

*s/ John K. Neal*
John K. Neal
Chief, White Collar Crime Unit
Assistant United States Attorney

*s/ Ryan A. Particka*
Ryan A. Particka
Assistant United States Attorney

ORIGINAL

| United States District Court<br>Eastern District of Michigan | **Criminal Case Cover Sheet** | Case Number |
|---|---|---|

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately in all respects.

| **Companion Case Information** | Companion Case Number: |
|---|---|
| This may be a companion case based upon LCrR 57.10 (b)(4)[1]: | Judge Assigned: |
| ☐ Yes  ☒ No | AUSA's Initials: JKN |

**Case Title:** USA v. D-1 Jeffrey Freeman

**County where offense occurred:** Oakland

**Check One:**  ☒ Felony   ☐ Misdemeanor   ☐ Petty

____Indictment/____Information --- no prior complaint.
____Indictment/____Information --- based upon prior complaint [Case number:                    ]
__✓__Indictment/____Information --- based upon LCrR 57.10 (d) *[Complete Superseding section below]*.

## Superseding Case Information

**Superseding to Case No:** 22-20346          **Judge:** Paul D. Borman

☐ Corrects errors; no additional charges or defendants.
☐ Involves, for plea purposes, different charges or adds counts.
☒ Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges** | **Prior Complaint (if applicable)** |
|---|---|---|
| D-1 Jeffrey Freeman | Counts 2-3<br>Wire Fraud<br>(18 U.S.C. § 1343) | |

Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.

September 15, 2022
Date

s/John K. Neal
John K. Neal
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226-3277
Phone: (313) 226-9644
Fax:   (313) 226-2873
E-Mail address: John.Neal@usdoj.gov
Attorney Bar #:

---

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, or (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.