UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>JEFFREY S. FREEMAN<br><br>    Defendant. | Criminal No. 22-20346<br><br>HON. PAUL D. BORMAN |

DEFENDANT'S PRETRIAL BRIEF RE
RULE 29 CONCERNS OVER COUNTS 2 AND 3

Before the trial begins, Defendant wishes to advise the Court of an issue that will likely form the basis for a Rule 29 Motion. After the Government closes its case in chief, Defendant will file a formal motion if appropriate.

To convict a defendant of wire fraud, the Government must prove three elements beyond a reasonable doubt: (1) that the defendant devised a scheme to defraud; (2) that he intended to deprive a victim of money or property; and (3) that he used an interstate wire in furtherance of the scheme. *United States v. Merklinger*, 16 F.3d 670, 678 (6th Cir. 1994). The Government cannot satisfy the third element. While Defendant contends that the Government's entire case theory is flawed, Defendant anticipates that his Rule 29 motion will focus on the third of these elements.

Pursuant to the Second Superseding Indictment, the Government's wire fraud charges rely upon draft letters that Freeman delivered to Vann in 2019. [DE 31 at ¶22.] But these letters could not have been sent in furtherance of any scheme because even the scheme the Government alleges ended, by the latest, in 2013.

Generally, a wire fraud scheme ends when a defendant obtains the proceeds of the fraud. *See United States v. Benderoff*, 2022 WL 4137813, at *8-9 (E.D. Mich. Sept. 12, 2022) (finding that scheme ended when proceeds received). A letter sent after a scheme "has been fully executed … even if sent to facilitate concealment of the scheme, falls outside of the [wire fraud] statute." *United States v. Tanke*, 743 F.3d 1296, 1303 (9th Cir. 2014). Here, the government argues that Freeman stole $6.5 million from Vann in 2013 in a straightforward, finite, single-victim scheme. In 2019,

2

and at Vann's urging, Freeman wrote two letters addressed to Vann's Panamanian bank. Because those letters post-date the end of the alleged scheme by more than six years, they simply cannot further the scheme and therefore cannot form the basis for the wire fraud charges.

The most controlling or appropriate authorities for the forthcoming motion will be:

*United States v. Grunewald*, 353 U.S. 291 (1957);

*United States v. Tanke*, 743 F.3d 1296 (9th Cir. 2014);

*United States v. Lazarenko*, 564 F.3d 1026 (9th Cir. 2009);

*United States v. Henderson*, 425 F.2d 134 (5th Cir. 1970);

*United States v. Benderoff*, 2022 WL 4137813 (E.D. Mich. Sept. 12, 2022).

Dated: October 11, 2022

BUTZEL LONG, P.C.

/s/ George B. Donnini
George B. Donnini (P66793)
Joseph E. Richotte (P70902)
Columbia Center
201 W. Big Beaver Rd. #1200
Troy, MI 48084
(248) 258-1616
donnini@butzel.com
richotte@butzel.com

MARCUS NEIMAN RASHBAUM & PINEIRO LLP
Jeffrey A. Neiman
Derick Vollrath
Brandon S. Floch
100 S.E. Third Ave. #805

3

                                      Fort Lauderdale, FL 33394
                                      (954) 462-1200
                                      jneiman@mnrlawfirm.com
                                      dvollrath@mnrlawfirm.com
                                      bfloch@mnrlawfirm.com
                                      *Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

     I hereby certify that on October 11, 2022, I caused the foregoing documents to be electronically filed with the Clerk of the Court using the ECF System, which will send notification of such filing to all counsel of record.

                                        */s/ George B. Donnini*
                                        George B. Donnini (P66793)