United States District Court
Eastern District of Michigan

United States of America,

    Plaintiff,

v.

Jeffrey Freeman

    Defendant,
_____/

No. 22-cr-20346

Hon. Paul D. Borman

## Government's Response to Defendant's Pretrial Brief re Rule 29 and Counts 2 and 3

In advance of the close of the government's case and the formal filing of defendant's anticipated Rule 29 motion, the government is providing an overview of its anticipated response, in order to narrow the issues and enable an expedited determination of the motion.

The defendant's argument focuses on the third element of wire fraud: an interstate wire in furtherance of the scheme. Specifically, the defendant takes issue with the "in furtherance" aspect, alleging that any alleged scheme ended, at the latest, in 2013. However, this position entirely disregards the long line of "lulling" jurisprudence, which holds that communications "occurring after receipt of the goods obtained by fraud are within the statute if they were designed to lull the victims

into a false sense of security, postpone their ultimate complaint to the authorities, and therefore make the apprehension of the defendants less likely than if no mailings had taken place." *United States v. Lane,* 474 U.S. 438, 451-52 (1986) (internal quotations omitted); *see also United States v. Daniel,* 329 F.3d 480 (6th Cir. 2003); *United States v. Faulkenberry,* 614 F.3d 573 (6th Cir. 2010); *United States v. Goodwin,* 748 F. App'x 651 (6th Cir. 2018).

Central to the government's theory is the fact that the victim, Ashley Vann, was *unaware she had even been stolen from* until 2019. The defendant began lulling her, successfully, all the way back in 2013, when he advised her verbally that "it was over" and the IRS had agreed to settle the penalties and interest for $6.5M of the $15M that she initially wired to the defendant; the defendant then followed this up with a general lulling letter (addressed "to whom it may concern" and holding himself out as being available to answer questions in the future), advising that her IRS issues had been fully resolved. That first letter thus indicates an ongoing willingness to evade and conceal his embezzlement. It is the same evasion and concealment the defendant attempted again with the 2019 communications. Communications

intended to lull the actual victim into a false sense of security are part and parcel of an ongoing scheme to defraud.

The defendant's argument also appears generally grounded in case law pertaining to conspiracy, which is inherently different in kind than a single-defendant scheme to defraud. Concerns over a theoretical never-ending conspiracy (where one conspirator is unaware of the desire of another conspirator to indefinitely conceal the activity that formed the central object of a conspiracy) are absent where a single defendant contemplates the same sort of ongoing concealment. Public policy weighs strongly in favor of holding defendants accountable where lulling communications would otherwise allow them to entirely avoid culpability by 'running out the clock' on the discovery of their scheme.

Further, as recognized by the court in *United States v. Tanke*, 743 F.3d 1296 (9th Cir. 2014)—one of the defendant's "most controlling" authorities— "Allowance must be made for the reality that embezzlements and other schemes to defraud are often open-ended, opportunistic enterprises. They may evolve over time, contemplate no fixed end date or adapt to changed circumstances." The instant case is <u>exactly</u> the sort of scenario contemplated by the *Tanke* opinion.

Likewise, "the existence of a scheme to defraud and its duration are fact questions for the jury." *United States v. Andrews*, 803 F.3d 823, 824 (6th Cir. 2015). Accordingly, the question of whether the 2019 email communications were in furtherance of the scheme to defraud should be left to the jury to decide.

The most controlling or appropriate authorities the government will rely upon are:

> *United States v. Lane,* 474 U.S. 438 (1986);
> *Schmuck v. United States,* 489 U.S. 705 (1989);
> *United States v. Daniel*, 329 F.3d 480 (6th Cir. 2003);
> *United States v. Faulkenberry,* 614 F.3d 573 (6th Cir. 2010);
> *United States v. Andrews*, 803 F.3d 823 (6th Cir. 2015);
> *United States v. Goodwin*, 748 F. App'x 651 (6th Cir. 2018).

    Respectfully submitted,

    DAWN N. ISON
    UNITED STATES ATTORNEY

    *s/Ryan A. Particka*
    Ryan A. Particka
    John K. Neal
    Assistant U.S. Attorneys
    211 W. Fort Street, Suite 2001
    Detroit, MI 48226
    ryan.particka@usdoj.gov
    (313) 226-9635

Dated: November 17, 2022

## Certificate of Service

I certify that on November 17, 2022, I caused this response to be electronically filed with the Clerk of the Court using the ECF system, which will send notification of such filing to the following attorney(s):

>Jeffrey A. Neiman
>George B. Donnini
>Brandon S. Floch
>Derek Vollrath
>Attorneys for Jeffrey Freeman

*s/Ryan A. Particka*
Assistant U.S. Attorney
